UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>REAL PROPERTY LOCATED IN<br>LOS ANGELES, CALIFORNIA,<br><br>        Defendant. | Case No. CV 18-01782-JAK(AGRx)<br><br>**CONSENT JUDGMENT OF FORFEITURE**<br><br>**JS-6** |

Pursuant to the stipulation and request of Plaintiff United States of America and potential claimant Inwook Yoo ("potential claimant Yoo"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about March 2, 2018, Plaintiff United States of America ("the United States of America") filed a Complaint for Forfeiture alleging that the defendant Real Property Located In Los Angeles, California (the "defendant real property") is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

1     The defendant real property has Assessor's Parcel Number
2  5502-024-120 and the following legal description:

3     The land referred to herein is situated in the State
       of California, County of Los Angeles, and described as
4      follows:

5     A Condominium comprised of:

6     Parcel 1:

7     A) An undivided 1/96th interest in and to Airspace Lots
       2 and 3 of Tract Map No. 65456, in the City of Los
8      Angeles, in the County of Los Angeles, State of
       California, as per map recorded in Book 1346, Pages 27
9      through 35 inclusive of Maps, in the Office of the
       County Recorder of said County.  A Certificate of
10     Correction was recorded April 24, 2009, as Instrument
       No. 2009604360 of Official Records.

      Except therefrom Units 201 through 212 inclusive, 301
12    through 312 inclusive; 401 through 412 inclusive; 501
      through 512 inclusive; 601 through 608 inclusive; 701
13    through 708 inclusive; 801 through 808 inclusive; 901
      through 908 inclusive; 1001 through 1008 inclusive;
14    1101 through 1108 inclusive as defined and delineated
      on a Condominium Plan recorded September 16, 2008, as
15    Instrument No. 20081664117 of Official Records.

16    Reserving therefrom exclusive easements for all uses
      and purposes of "parking spaces", on, over and across
17    those portions of said Airspace Lots 2 and 3 of said
      Tract defined and delineated as "Exclusive Use Areas",
18    which bears the letter "P" followed by the number
      designation on the above referenced Condominium Plan.

      B) Unit 1107 as defined and delineated on the above
20    referred to Condominium Plan.

21    Parcel 2:

22    An exclusive easement, appurtenant to Parcel 1 above,
      for all uses and purposes of "parking spaces", on,
23    over and across those portions of Airspace Lots 2 and
      3 of said Tract defined and delineated as "Exclusive
24    Use Areas", which bears P-161 and P-162, on the above
      referenced Condominium Plan.

      Parcel 3:

      Non-exclusive easements appurtenant to each applicable
27    Residential Unit for ingress, egress, access, use and
      enjoyment over the Common Property which means Common
28    Area and Association Property, as shown and defined in
      the "Declaration of Covenants, Conditions and

       Restrictions and Reservation of Easements for the
Summit on Sixth", recorded September 16, 2008, as
Instrument No. 20081664118 of Official Records.

       Parcel 4:

       Non-exclusive, perpetual and reciprocal easements for
access, water drainage facilities, utilities,
commercial signage, deliveries, structure repairs and
maintenance and other incidental purposes for the use,
benefit and enjoyment of all Owners and Permittees of
the Lots, on over and across said land as described in
the "Declaration of Reciprocal Easements for The
Summit on Sixth", recorded September 16, 2008, as
Instrument No. 20081664119 of Official Records.

       No parties have appeared in this case and the time for filing claims and answers has expired.

       Potential claimant Yoo claims an interest in the defendant real property, and would have filed a claim thereto if this case had not been resolved by entering into this Consent Judgment of Forfeiture.

       The government and potential claimant Yoo have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

       The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

       1.    This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

       2.    The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

       3.    Notice of this action has been given as required by law. No appearances have been made in the litigation by any

1 | person other than potential claimant Yoo.  The Court deems that
2 | all other potential claimants admit the allegations of the
3 | Complaint for Forfeiture to be true.  Potential claimant Yoo is
4 | relieved of potential claimant Yoo's obligation to file a claim
5 | and answer in this litigation.

6     4.   The United States of America shall have judgment as to the interests of potential claimant Yoo and all other potential claimants in the defendant real property.  The defendant real property is hereby condemned and forfeited to the United States of America.

    5.   The Los Angeles County Recorder shall index this judgment in the grantor index under the name of Inwook Yoo, an unmarried man and in the grantee index under the name of the United States of America.

    6.   Title having vested in the United States of America, the United States of America shall dispose of the defendant real property in the manner required by law and subject to the conditions set forth below:

    a.   During the period between the filing of this Consent Judgment of Forfeiture and the earlier of (1) the sentencing of Yoo in the related criminal case filed in 2018 in the Central District of California and entitled <u>United States of America v. Yoo</u>; and (2) January 1, 2019 (the "potential claimant Yoo Occupancy Period"), potential claimant Yoo may continue to reside on the defendant real property rent-free provided that potential claimant Yoo complies with the following conditions:

    i.   Potential claimant Yoo shall continue to make payments on any and all obligations that may be owing or

may become due on the defendant real property including, without limitation, mortgage payments, home equity loans, utilities, insurance, homeowners fees and property taxes.

    ii. Potential claimant Yoo shall maintain appropriate insurance policies covering potential liability for property damage occurring on or around the defendant real property and shall have the United States of America added as an additional insured on those insurance policies.

    iii. Potential claimant Yoo shall be responsible for the reasonable maintenance of the defendant real property. Reasonable maintenance shall mean keeping the defendant real property in good condition and repair as existing on the date of the entry of this Consent Judgment of Forfeiture, normal wear and tear excepted, including, without limitation, keeping the defendant real property free from all hazards and defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil and other facilities in good working order; keeping the defendant real property clean from debris; performing regular sanitation and waste removal services; providing for regular landscaping, lawn mowing or other services; and providing for other routine and ordinary services as may reasonably be necessary.

    iv. Potential claimant Yoo shall not seek to transfer title or ownership to the defendant real property, or to encumber the defendant real property in any manner including, without limitation, by rental agreement, mortgage or deed of trust.

    v. Potential claimant Yoo shall not commit

waste of the defendant real property or permit the defendant real property to be used or occupied in any manner that would diminish the value of the defendant real property or invalidate any insurance policy on the defendant real property.

vi. Potential claimant Yoo shall not cause any material alteration to the defendant real property without prior written consent of the United States of America, except that potential claimant Yoo may make emergency repairs, such as to protect the defendant real property from fire damage, without the prior written approval of the United States of America.

vii. Upon forty eight (48) hours written notice sent by email or otherwise to potential claimant Yoo's counsel, the United States of America may enter the defendant real property as necessary, between the hours of 9:00 a.m. and 5:00 p.m., to conduct inspections and inventories, effect repairs and maintenance and otherwise, to preserve the appearance and physical integrity of the defendant real property.

b. Should potential claimant Yoo fail to comply in any material respect with the conditions set forth in Paragraph 6a above, the United States of America may immediately terminate potential claimant Yoo's right to reside on the defendant real property, prior to the termination of the potential claimant Yoo Occupancy Period.

7. At the conclusion of the potential claimant Yoo Occupancy Period (or at any earlier time as set forth in paragraph 6b above):

a. The United States of America shall proceed to dispose of the defendant real property in the manner required by

law.

        b.    Any occupants of the defendant real property are hereby ordered to vacate the defendant real property within two weeks after receiving notice of this Consent Judgment of Forfeiture from the United States of America. If any such occupants fail to vacate the defendant real property by the aforementioned deadline, the United States of America (via the United States Secret Service or other United States agency or department) may remove them and their belongings from the defendant real property without further order of the Court.

    8.    Potential claimant Yoo hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the United States Secret Service or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which potential claimant Yoo hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of potential claimant Yoo, whether pursuant to 28 U.S.C. § 2465 or otherwise.

    9.    The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28

U.S.C. § 2465.

10. The Court further funds that potential claimant Yoo did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

11. The United States of America and potential claimant Yoo consent to this judgment and waive any right to appeal.

12. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: June 20, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE